Memobandum. Defendant was convicted of bribing police officers following their search, pursuant to warrant, of a luncheonette in which defendant was present at the time of the search. His defense was entrapment.
 

 In the course of that portion of the charge to the jury with respect to the defense of entrapment, the trial court said, "So if you find that the police officers went to the premises at 112-13 Francis Lewis Boulevard for the purpose of actively inducing or encouraging the defendant to commit the crime of bribery and sought to obtain evidence against him for that purpose, and if the methods used to obtain that evidence was such as to create a substantial risk that the offense of bribery would be committed by the defendant who is not otherwise disposed to commit it, then the defendant has sustained the burden of proof placed upon him by the law on his affirmative defense of entrapment, and you must then find him not guilty. If, however, as I have stated to you, the intent to offer a bribe originated in the mind of the defendant * * * then the defendant has failed to establish the defense of entrapment.” At the conclusion of the charge, defense counsel took exception to this portion of the charge and requested that the trial court correct the charge "by saying it is not essential that [the police officer] go there so intending, but if at any time before the incident occurred he then decided to entrap, it didn’t matter that he didn’t come there with that specific purpose. In other words, he could have formulated the intent to entrap once he got in the premises and saw the money.” The trial court responded, "I will correct that.” The prosecution appeared to have understood the point defense counsel was making. Then, for a reason not disclosed on the record, the Judge reversed himself and declined to charge further, to which defense counsel took exception.
 

 It is conceded that standing alone the quoted portion of the charge was incorrect. It required the jury to find that the
 
 *770
 
 officers
 
 went to the premises
 
 intending to induce defendant to commit the crime of bribery. As defense counsel correctly pointed out the intention to entrap defendant could have been formed by the police after their arrival at the premises or indeed at some time during the course of their search. Respondent contends, however, that the charge with respect to entrapment viewed in its entirety was proper and that the incorrect portion must be considered to have been effectively neutralized. We cannot agree. Not only is there to be found no other reference as to when it might have been found that the police formed an intent to entrap, but the alternative to a finding of prearrival police intention was explicitly stated to be a finding that the intent to offer the bribe originated in the mind of defendant. The defective portion came at the end of the charge and was the trial court’s application of the general principles of entrapment to the facts of this case.
 

 The evidence that defendant offered to and did pay money to the police officers was overwhelming. Indeed his only hope for acquittal lay in the possibility of an entrapment defense. In effect the trial court charged entrapment out of the case. There was no evidentiary basis on which the jury could have predicated what they were told was the prerequisite finding— that the police came to the luncheonette intending to induce defendant to commit the crime of bribery. As respondent concedes, there was no evidence that when the officers went to execute the search warrant they had any reason to expect to find defendant among those present. Under these circumstances the error in the charge was critical.
 

 We have examined defendant’s other contentions and find them to be without merit.
 

 Accordingly, the order of the Appellate Division should be reversed and the case remitted for a new trial.
 

 Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in memorandum.
 

 Order reversed, etc.